IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ROBERT H. WRIGHT JR.,        *

    Plaintiff,           *

vs.                          *
                          CASE NO. 4:15-CV-34 (CDL)
JERALD WATSON and JOHN       *
GOODRICH,
                          *

    Defendants.
                         *

O R D E R

The Court deferred ruling on Defendants' motions in limine VII and VIII (ECF No. 134) until the parties had an opportunity to brief the issues. The briefing is now complete, and the motions are denied for the reasons discussed below.

BACKGROUND

Defendants were part of a law enforcement team that "hovered over [Plaintiff's] rural home in a helicopter, saw what they believed to be a patch of marijuana on his neighbor's adjacent property, trespassed on [Plaintiff's] property to investigate, snooped around the shed near his home, searched the inside of his home pursuant to a search warrant obtained through the use of alleged false information, and then arrested and prosecuted [Plaintiff] based on evidence found inside his home." *Wright v. Watson*, 209 F. Supp. 3d 1344, 1350 (M.D. Ga. 2016), *aff'd sub nom. Wright v. Goodrich*, 685 F. App'x 731 (11th Cir.

2017). Plaintiff brought claims based on (1) the initial, pre-warrant search, (2) the search of his property pursuant to a search warrant that Plaintiff contends was illegally obtained, (3) Plaintiff's arrest for misdemeanor marijuana possession and felony marijuana manufacturing, (4) the seizure of certain property from Plaintiff's home, and (5) malicious prosecution for felony marijuana manufacturing. The Court previously found that Defendants were entitled to qualified immunity on all of Plaintiff's claims except his illegal search claim based on Defendants' search of his property pursuant to a search warrant that Plaintiff argues was illegally obtained. *Wright*, 209 F. Supp. 3d at 1372.

Importantly, in granting summary judgment on the claims based upon a finding of qualified immunity, the Court did not determine whether the subsequent arrest and prosecution of Plaintiff violated his constitutional rights. The Court simply found that the Defendants' conduct in arresting and prosecuting Plaintiff did not violate clearly established law. And thus, Defendants could not be held liable for damages in their personal capacities for the arrest and prosecution claims. Defendants' pending motions in limine require the Court to now determine whether Plaintiff's arrest and prosecution were unconstitutional. If they were, then they would not constitute an intervening act that breaks the chain of causation, and

Plaintiff would be able to recover damages proximately flowing from the allegedly illegal search, including damages arising because of and subsequent to his arrest.

DISCUSSION

Defendants' motion in limine VII seeks to exclude as irrelevant any evidence pertaining to Plaintiff's dismissed claims, including claims based on the initial pre-warrant search of Plaintiff's property, Plaintiff's arrest, the civil forfeiture action, and the prosecution of Plaintiff for felony marijuana manufacturing. Defendants' motion in limine VIII seeks to exclude as irrelevant evidence that Plaintiff was terminated from his job.

The Court denies Defendants' motion to exclude evidence regarding the initial pre-warrant search. That evidence is relevant because the allegedly defective search warrant affidavit was based on the initial search. Plaintiff shall not, of course, be allowed to argue that the initial search was unlawful because the Court already concluded that Defendants are entitled to qualified immunity and official immunity on claims based on the initial search. *Wright*, 209 F. Supp. 3d at 1364.

The heart of Plaintiff's case is that Defendants conducted an allegedly illegal search of his home that led to his arrest for the felony of manufacturing marijuana and that this felony arrest led to the loss of his job. The Court previously granted

3

summary judgment to the individual Defendants involved in Plaintiff's arrest and prosecution based on qualified immunity. But the Court did not determine that the subsequent arrest and prosecution were constitutional. To reach its qualified immunity decision, the Court simply had to find that the involved officers did not violate clearly established law. Defendants now argue that the arrest and prosecution were constitutional and thus they constitute an intervening act that breaks the chain of causation. Consequently, according to Defendants, any damages suffered post-arrest cannot be causally connected to the allegedly illegal search.

"For damages to be proximately caused by a constitutional tort, a plaintiff must show that, except for that constitutional tort, such injuries and damages would not have occurred and further that such injuries and damages were the reasonably foreseeable consequences of the tortious acts or omissions in issue." *Jackson v. Sauls*, 206 F.3d 1156, 1168 (11th Cir. 2000).[1] So, if a police officer's conduct leads to a person's arrest and prosecution and no intervening acts break the chain of causation, that person may have a valid claim for damages based

---

[1] In *Jackson*, the defendant plain clothes undercover police officers illegally stopped the plaintiffs at a motorcycle shop under circumstances that made the shop's occupants believe they were being accosted by armed robbers. There was a jury question on whether it was reasonably foreseeable that the defendants' conduct "might result in the discharge of firearms by the Shop's occupants, the officers' firing back, and injuries to the Shop's occupants [who were] illegally stopped." *Jackson*, 206 F.3d at 1169.

4

on the arrest and prosecution.  *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 914-15 (2017).  In *Manuel*, for example, the plaintiff had a valid Fourth Amendment claim based on his detention following an arrest for controlled substances because there was evidence that (1) he was arrested despite a negative field test on pills officers found in his car, (2) he was detained because an officer and a technician lied to a judge and said that the plaintiff possessed the drug ecstasy, and (3) he remained detained for a month after the police laboratory reexamined the pills and found again that they contained no controlled substances.  *Id.* at 915.

In contrast, the intervening acts of a judge who issues an arrest warrant and a prosecutor who handles the prosecution "each break the chain of causation *unless plaintiff can show that these intervening acts were the result of deception or undue pressure by the defendant policemen*."  *Barts v. Joyner*, 865 F.2d 1187, 1195 (11th Cir. 1989) (emphasis added) (finding that the plaintiff's murder confession broke the chain of causation between her illegal seizure and her subsequent trial, conviction, and imprisonment).  "[T]he existence of a[n arrest] warrant will not shield an officer from liability where the warrant was secured based upon an affidavit that contained misstatements made either intentionally or with reckless

5

disregard for the truth." *Smith v. Sheriff, Clay Cty., Fla.*, 506 F. App'x 894, 898 (11th Cir. 2013) (per curiam).

Pursuant to the search warrant, which Plaintiff claims was obtained illegally and which forms the basis of the claim that the Court has determined should be submitted to a jury, officers found a small amount of burned marijuana inside Plaintiff's home. Defendants sought an arrest warrant for possession of marijuana and manufacture of marijuana based on these marijuana remnants and fifty-four marijuana plants, which Defendants stated were possessed by Plaintiff. The fifty-four marijuana plants were in fact not even located on Plaintiff's property but were on his neighbor's property next door near Plaintiff's property line. An arrest warrant was issued based on that affidavit. Whether an arrest pursuant to that warrant was constitutional depends in part on whether it makes a difference that the fifty-four marijuana plants were on Plaintiff's property or not. The Court finds that this discrepancy between the arrest warrant affidavit and the true facts creates a jury question. That question is whether a reasonable officer knowing that there were fifty-four marijuana plants growing on the property of Plaintiff's neighbor combined with the marijuana remnants found in Plaintiff's house is sufficient to lead that officer to believe that Plaintiff was operating a marijuana grow operation.

6

If a jury concludes that Defendants did *not* have probable cause to believe that Plaintiff possessed the fifty-four plants, then the jury could find that Defendants made intentional or reckless misstatements in the arrest warrant affidavit when they stated that Plaintiff possessed those fifty-four plants found on the neighbor's property. And since it is undisputed that officers did not have probable cause to seek the arrest warrant for felony marijuana manufacturing without those fifty-four plants, the acts of the judge who issued the arrest warrant and the prosecutor who handled the prosecution and the civil forfeiture proceeding would not constitute intervening acts that break the chain of causation.[2]

The jury may well decide that there is enough evidence to establish a connection between Plaintiff's property and the large marijuana grow site on the neighbor's property. But the jury could also conclude that there is not enough evidence to

---

[2] If there were no jury question on the probable cause issue (say, if officers found fifty-four large marijuana plants growing in the Wrights' basement), then the Court would likely conclude that Wright could not recover damages based on the arrest and prosecution because the discovery of incriminating evidence is not subject to the exclusionary rule and would break the chain of causation. *See Smith v. City of Oak Hill, Fla.*, 587 F. App'x 524 (11th Cir. 2014) (per curiam) (affirming the denial of compensatory damages for expenses the plaintiff incurred in defending the criminal charges against him because although the jury found that the initial stop of the vehicle was illegal, the jury also found that the officer had probable cause to search the vehicle after it was stopped because the officer smelled marijuana in the car); *see also Black v. Wigington*, 811 F.3d 1259, 1268 (11th Cir. 2016) (holding "that the exclusionary rule does not apply in a civil suit against police officers," so officers may rely on evidence found during an allegedly illegal search to prove that they probable cause for an arrest).

establish such a connection and that Defendants thus did not have probable cause to believe that Plaintiff possessed the fifty-four plants that were found on his neighbor's property. And if the jury reaches that conclusion, then there is no intervening cause to break the chain of causation between the allegedly illegal search and the damages Plaintiff suffered due to the arrest, prosecution, and civil forfeiture proceeding. Accordingly, the Court declines to exclude evidence, including evidence of damages, related to the arrest, prosecution, and civil forfeiture action.

## CONCLUSION

As discussed above, Defendants' motions in limine VII and VIII (ECF No. 134) are denied.

IT IS SO ORDERED, this 8th day of September, 2017.

S/Clay D. Land<br>
CLAY D. LAND<br>
CHIEF U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA