```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

ROBERT H. WRIGHT JR.,            *

    Plaintiff,                  *

vs.                              *
                                                 CASE NO. 4:15-CV-34 (CDL)

JERALD WATSON and JOHN GOODRICH, *

    Defendants.                 *

## O R D E R

Until twelve years ago, "Georgia followed the traditional common law rule of joint and several liability." Thomas A. Eaton, Who Owes How Much? Developments in Apportionment and Joint and Several Liability Under O.C.G.A. § 51-12-33, 64 Mercer L. Rev. 15, 15 (2012). Then in 2005, the legislature amended O.C.G.A. § 51-12-33 to eliminate joint and several liability in Georgia personal injury cases. *See* O.C.G.A. § 51-12-33(b) (stating that the trier of fact shall "apportion its award of damages among the persons who are liable according to the percentage of fault of each person" and shall not impose "a joint liability among the persons liable"). Here, Defendants contend that O.C.G.A. § 51-12-33 applies to Plaintiff's federal constitutional claims under 42 U.S.C. § 1983, and they asked the Court to instruct the jury on the issue of apportionment. The Court previously ruled from the bench that O.C.G.A. § 51-12-33 does not apply to Plaintiff's § 1983 claims and that the jury would not be instructed on

apportionment.  Pretrial Conference Tr. 22:4-8, 52:23-53:1, Aug. 2, 2017, ECF No. 139.  This Order sets forth the rationale for that decision.

## BACKGROUND

Plaintiff Robert Wright claims that Defendants Jerald Watson and John Goodrich were part of a law enforcement team that illegally searched his home after spotting a marijuana grow site on his next-door neighbor's property.  Plaintiff argues that the law enforcement officers did not have probable cause to seek a search warrant for his property but that Watson, with input from Goodrich, decided to manufacture probable cause for a search warrant.  According to Plaintiff, Watson, with input from Goodrich, secured a search warrant by making material misrepresentations and omissions in the search warrant affidavit.  When officers searched Plaintiff's property pursuant to that search warrant, they found a small amount of marijuana that belonged to Plaintiff's wife.  Officers arrested Plaintiff and his wife for marijuana possession and felony marijuana manufacturing.

Plaintiff initially brought Fourth Amendment claims under § 1983 against a number of the law enforcement officers who were involved in the searches.  After discovery, Plaintiff dismissed his claims against most of the officers, and the only claim remaining is his Fourth Amendment claim against Defendants Watson and Goodrich.  Now, Defendants want the Court to ask the jury to

determine whether any of the following individuals caused a violation of Plaintiff's Fourth Amendment rights, and to what extent: Watson, Goodrich, Plaintiff himself, Plaintiff's wife, and "other law enforcement officers." Defs.' Proposed Verdict Form, Pretrial Order 29, ECF No. 136. The Court is convinced that it would be error to give such an instruction.

## DISCUSSION

Section 1983 provides a cause of action against officials who, under color of state law, deprive a person of his constitutional rights. 42 U.S.C. § 1983. Although § 1983 "creates 'a species of tort liability in favor of persons who are deprived of rights, privileges, or immunities secured to them by the Constitution,'" *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305–06 (1986) (quoting *Carey v. Piphus*, 435 U.S. 247, 253 (1978)), § 1983 "does not specify the method for measuring damages," *Murphy v. City of Flagler Beach*, 846 F.2d 1306, 1308 (11th Cir. 1988). The Court thus looks to 42 U.S.C. § 1988 to determine the law of damages. *Murphy*, 846 F.2d at 1308. Section 1988 provides, in relevant part:

> The jurisdiction in civil and criminal matters conferred on the district courts by the [civil rights laws] shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such

>civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause . . . .

42 U.S.C. § 1988(a).

"Section 1988 requires courts to use a 'three-step process' to determine the rules of decision applicable to a civil rights claim." *Murphy*, 846 F.2d at 1308 (quoting *Wilson v. Garcia*, 471 U.S. 261, 267, (1985)). The first step is to "employ federal law if it enforces the civil and criminal civil rights statutes." *Id.* "If no suitable federal rule exists," the second step is to apply "state common law as modified by the constitution and statutes of the forum state." *Id.* But the "second step is limited by a third step which allows courts to apply state law *only if it is not inconsistent with the federal constitution and laws*." *Id.* (emphasis added).[1]

Defendants contend that § 1983 is deficient on the issue of joint and several liability because it does not specifically address compensatory damages in a case where more than one person is liable for the plaintiff's injuries. Defendants, therefore, assert that the Court should look to Georgia law to fill in this gap.

---

[1] In *Murphy*, the Eleventh Circuit found, based on its precedents and other case law, that "a federal rule of mitigation applies in" § 1983 damages cases. *Murphy*, 846 F.2d at 1310. The Eleventh Circuit observed that the rule was consistent with the purposes of § 1983 and did not reach step two of the three-step process. *Id.* at 1309-10.

4

As a preliminary matter, the Court notes that the Eleventh Circuit and its predecessor have found that joint and several liability applies in § 1983 damages actions. *See, e.g.*, *Finch v. City of Vernon*, 877 F.2d 1497, 1503 (11th Cir. 1989) (finding that "the district court, applying a federal rule of damages, correctly held the City jointly and severally liable for the damages [the plaintiff] suffered" when he was wrongfully terminated); *Palmer v. Hall*, 517 F.2d 705, 706, 710 (5th Cir. 1975) (affirming joint and several judgment against police officer who shot a fleeing juvenile, even though the judgment against his co-defendant, the mayor, was reversed because there was no evidence that the mayor participated in the incident); *cf. Dean v. Gladney*, 621 F.2d 1331, 1338 (5th Cir. 1980) (noting that joint and several liability is only appropriate in a § 1983 action where joint tortfeasors' "intertwined and interlocking" actions cause an injury) (quoting *Nesmith v. Alford*, 318 F.2d 110, 119 (5th Cir. 1963)).[2]

Even if the Court assumes that there is no federal rule of joint and several liability, the Court may only apply Georgia's apportionment statute, O.C.G.A. § 51-12-33, "if it is not inconsistent with the federal constitution and laws." *Murphy*, 846 F.2d at 1308. "To determine whether state law is inconsistent with federal law within the meaning of § 1988(a), the Supreme

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

5

Court teaches that courts must look to the text of the federal statutes and Constitutional provisions at issue as well as the policies expressed in them." *Estate of Gilliam ex rel. Waldroup v. City of Prattville*, 639 F.3d 1041, 1046 (11th Cir. 2011) (citing *Robertson v. Wegmann*, 436 U.S. 584, 590 (1978)). One important policy underlying § 1983 is "compensation of persons injured by deprivation of federal rights." *Id.* (quoting *Robertson*, 436 U.S. at 591); *accord Gilmere v. City of Atlanta,* 864 F.2d 734, 739 (11th Cir. 1989). Another important policy underlying § 1983 is "prevention of abuses of power by those acting under color of state law." *Estate of Gilliam*, 639 F.3d at 1046-47 (quoting *Robertson*, 436 U.S. at 591). The traditional common law rule of joint and several liability is consistent with these two policy considerations. The question for the Court is whether Georgia's apportionment statute is consistent with these policies.

Under Georgia's apportionment statute, a jury is to consider the fault of each person or entity that contributed to the plaintiff's injury, "regardless of whether the person or entity was, or could have been, named as a party to the suit." O.C.G.A. § 51-12-33(c). In other words, the jury must consider the fault of "all persons or entities who have breached a legal duty in tort that is owed with respect to the plaintiff, the breach of which is a proximate cause of the injury sustained by

6

the plaintiff." *Zaldivar v. Prickett*, 774 S.E.2d 688, 697 (Ga. 2015). "That includes not only the plaintiff himself and defendants with liability to the plaintiff, but also every other tortfeasor whose commission of a tort as against the plaintiff was a proximate cause of his injury, regardless of whether such tortfeasor would have actual liability in tort to the plaintiff." *Id.* This is so regardless of the intent or immunity of the tortfeasor. *Id.* (explaining that a tortfeasor with immunity is still "at fault" for a plaintiff's injuries); *see also Couch v. Red Roof Inns, Inc.*, 729 S.E.2d 378, 383 (Ga. 2012) ("Both negligent tortfeasors and intentional tortfeasors are 'answerable in law' to a plaintiff for damages caused to that plaintiff.").

If these rules applied to a § 1983 Fourth Amendment claim, then a jury could apportion damages to "at fault" non-parties whose conduct contributed to the plaintiff's injury, even if their conduct was merely negligent and not a Fourth Amendment violation. *See Maughon v. Bibb Cty.*, 160 F.3d 658, 660 (11th Cir. 1998) ("Negligent or innocent mistakes do not violate the Fourth Amendment."). Thus, if the Court applied the Georgia statute to this action, then the conduct of a non-party, which may be tortious but not unconstitutional, could reduce damages that are otherwise recoverable by Plaintiff for a federal constitutional violation. Moreover, under the Georgia statute, the damages Plaintiff suffered because of a federal constitutional violation

7

could be reduced even if Plaintiff has no right to recover against the partly "at fault" non-party.  Application of the Georgia apportionment statute to this § 1983 action could result in a person who is injured by a constitutional violation not being fully compensated for the damages caused by the violation, and it would also allow the person who committed the constitutional violation to escape full responsibility for his unconstitutional conduct.[3]  For these reasons, the Court finds that Georgia's apportionment statute is not consistent with the policy goals of § 1983.  Accordingly, the Court concludes that O.C.G.A. § 51-12-33 does not apply to Plaintiff's § 1983 claims.

## CONCLUSION

For the reasons set forth above, O.C.G.A. § 51-12-33 does not apply to Plaintiff's § 1983 claims, and the jury will not be instructed on apportionment.

IT IS SO ORDERED, this 18th day of September, 2017.

S/Clay D. Land<br>
CLAY D. LAND<br>
CHIEF U.S. DISTRICT COURT JUDGE

---

[3] Defendants argue that even if the Court does not apply the Georgia apportionment statute as written to apportion liability between parties and non-parties, the Court at a minimum should apply the statute to the two existing Defendants and have the jury apportion fault as to these two Defendants.  Aside from concerns related to applying the apportionment statute in piecemeal fashion, the Court finds that well accepted joint and several liability principles better address the issue in a manner consistent with § 1983's purposes.  These principles authorize the jury to hold each Defendant legally responsible only for the damages that his constitutional violation separately causes, and if their unconstitutional conduct joins together to cause an indivisible injury, then the jury is authorized to hold both Defendants jointly responsible for the entire indivisible injury to which their conduct substantially contributed.