AO 133    (Rev. 12/09)  Bill of Costs

# UNITED STATES DISTRICT COURT

for the

Middle District of Georgia

ROBERT H. WRIGHT, JR.          )
                               )
v.                             )      Case No.: 4:15-CV-34 (CDL)
                               )
JERALD WATSON and  JONATHAN    )
GOODRICH                       )

## BILL OF COSTS

Judgment having been entered in the above entitled action on ___09/20/2017___ against ___ROBERT H. WRIGHT, JR.___ ,
                                                                    Date
the Clerk is requested to tax the following as costs:

| | |
|---|---|
| Fees of the Clerk ........................................................... | $ _____ |
| Fees for service of summons and subpoena ................................ | _____ |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case ...... | 7,291.10 |
| Fees and disbursements for printing ...................................... | _____ |
| Fees for witnesses *(itemize on page two)* .............................. | 217.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.................................. | _____ |
| Docket fees under 28 U.S.C. 1923 ........................................ | _____ |
| Costs as shown on Mandate of Court of Appeals .......................... | _____ |
| Compensation of court-appointed experts ................................. | _____ |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ..... | _____ |
| Other costs *(please itemize)* ........................................... | _____ |
| TOTAL  $ | 7,508.10 |

*SPECIAL NOTE:*  Attach to your bill an itemization and documentation for requested costs in all categories.

| Declaration |
|---|

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.  A copy of this bill has been served on all parties in the following manner:

[✓] Electronic service          [ ] First class mail, postage prepaid

[ ] Other: _____

s/ Attorney: _~~Russell Britt~~_____

Name of Attorney:  Russell A. Britt

For: ___JERALD WATSON and JONATHAN GOODRICH___      Date: ___10/03/2017___
           *Name of Claiming Party*

| Taxation of Costs |
|---|

Costs are taxed in the amount of _____ and included in the judgment.

_____      By: _____      _____
     *Clerk of Court*                    *Deputy Clerk*                   *Date*

AO 133  (Rev. 12/09)  Bill of Costs

# UNITED STATES DISTRICT COURT

| Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME , CITY AND STATE OF RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| Michael Binion, Cairo, GA | 1 | 20.00 | | | 300 | 80.00 | $100.00 |
| Mark Bracewell, Dublin, GA | 1 | 20.00 | | | 280 | 55.00 | $75.00 |
| Jim Hillenbrand, Columbus, GA | 1 | 40.00 | | | 4 | 2.00 | $42.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | TOTAL | $217.00 |

### NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
   "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
   "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.
   Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

**RULE 6**

(d) Additional Time After Certain Kinds of Service.

   When a party may or must act within a specified time after service and service is made under Rule5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

**RULE 58(e)**

Cost or Fee Awards:

   Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

## IN THE STATE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

ROBERT H. WRIGHT, JR.,

      Plaintiff,

v.

S/A JERALD WATSON and DEP. JOHN
GOODRICH, in their individual
capacities,

      Defendants.

CIVIL ACTION FILE
NO. 4:15-CV-00034-CDL

---

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## THEIR BILL OF COSTS

---

COME NOW, **S/A JERALD WATSON and DEP. JOHN GOODRICH,** in their individual capacities, (hereinafter "Defendants"), named as Defendants in the above-captioned matter, and pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.2, file this their Memorandum in Support of Their Bill of Costs.  Defendants show this Honorable Court the following:

On September 19, 2017, a jury verdict was returned in favor of Defendants.  (ECF No. 149.)  On September 20, 2017, the Clerk of Court entered judgment in favor of Defendants and noted that Defendants "shall also recover costs of this action."  (ECF No. 152.)  Defendants now are entitled to costs allowed to a prevailing party, pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.2.

In support of the costs referenced in this Memorandum, Defendants also rely on their contemporaneously filed Bill of Costs and supporting, itemized documentation.  The

documented costs included with the Bill of Costs are correct and were necessarily incurred in this action.

**A.      Deposition and Hearing Transcripts**

As part of their recoverable costs, Defendants seek $7,291.10 for printed or electronically recorded transcripts necessarily obtained for use in this case.  Taxation of deposition or hearing transcript costs is authorized by 28 U.S.C. § 1920(2) as a "stenographic" cost.  See, e.g., U.S. EEOC v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000) ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions.");  Autry Petroluem Co. v. BP Prod. N. Am., Inc., 2010 WL 3239010, at *5 (M.D. Ga. Aug. 16, 2010) (Land, J.) (taxing costs for hearing transcripts under § 1920(2)).  In determining whether costs of a transcript may be taxed under § 1920, a district court must decide whether the transcript was necessarily obtained for use in the case.  Watson v. Lake County, 492 F. App'x 991, 996 (11th Cir. 2012) (citing W & O, Inc., 213 F.3d at 620-21).  "Although use of a [transcript] at trial or in a summary judgment motion tends to show that the [transcript] was necessarily obtained for use in a case, such a showing is not necessary to be taxable."  Id.  The test for recovery of transcript costs is "whether the prevailing party could have 'reasonably believed' that it was necessary to copy the documents at issue."  Id. at 997 (citing W & O, Inc., 213 F.3d at 623).

Here, with the exception of the depositions of Plaintiff and his wife, Lisa Wright, the depositions were requested and noticed by Plaintiff's counsel.  It also is undeniable that Plaintiff's deposition transcript was necessary for the defense of this case.  Lisa Wright's deposition transcript was necessary because she was Plaintiff's material witness present at the scene of the incident and testified at trial on his behalf.  Moreover, ever deposition transcript obtained

2

involved either a party to the lawsuit at the time the deposition was taken (i.e., Plaintiff, Defendants, Mark Bracewell, Jeremy Bolen, Paul Wofford, Sven Armbrust, Roger Carroll, Mike Pitts, Jonathan Memmo, Lauren Stinson, Alex Berinobis, and Robert Austin)[1] and/or a material witness that ultimately testified at trial (i.e., Judge Jennifer Webb, Sheriff Mike Jolley, Michael Binion, Lisa Wright, and John Taylor).[2]   Many the deposition transcripts were also used in support of Defendants' summary judgment motion, and all of the witnesses for whom deposition costs were incurred were identified in the pretrial order as possible witnesses to testify at trial. Thus, Defendants had reasonable belief that each and every itemized deposition transcript was necessary to copy for use in this case.

Additionally, the transcript costs for the summary judgment hearing on August 4, 2016 and the pretrial conference on August 25, 2017 were necessarily obtained for use in this case. The summary judgment hearing transcript was needed for inclusion in the appeal of the Court's order denying summary judgment, in part.   It was included in Defendants' appeal appendix and referenced in their appeal briefing.   Additionally, the summary judgment transcript was cited to in support of Defendants' motion in limine regarding the lack of proximate cause for Plaintiff's claim for lost wages, as well as Defendants' directed verdict motion at trial.   The pretrial conference transcript was obtained because Defendants had reasonable belief that Court's oral rulings on the parties' motions in limine would needed to be cited during trial.[3]

---

[1] Other than Defendants and Mike Pitts, who previously was granted summary judgment, Plaintiff moved to drop each of these individuals as parties *after* their depositions were taken and transcripts obtained.   Regardless, many of their deposition transcripts were used as part of Defendants' summary judgment motion, and many of the individuals also testified at trial.

[2] Excerpts of John Taylor's deposition transcript were read into the record at trial.

[3] Defendants were required to request an expedited copy of the pretrial conference transcript on August 18, 2017 when Defendants' counsel first learned that Plaintiff's counsel was objecting to Defendants participating in the Court-approved property inspection prior to the jury site visit. Defendants' counsel recalled the Court and the parties agreeing to allow Defendants' counsel *and*

## B.    Witness Fees

Defendants seek $217.00 for witness fees incurred in this case.  "A witness who appears before a federal court 'or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States' is entitled to fees and allowances, including 'an attendance fee of $40 per day for each day's attendance.'"  Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 463 (11th Cir. 1996) (quoting 28 U.S.C. § 1821(a)(1) & (b)).  Witnesses may also be paid a mileage allowance pursuant to 28 U.S.C. § 1821(c)(2).  These costs are taxable under 28 U.S.C. § 1920(3).  See W&O, Inc., 213 F.3d at 620 (affirming award of witness fees pursuant to § 1920).  Defendants' Bill of Costs itemizes the three trial witnesses for which trial attendance and mileage costs were necessary.  Accordingly, taxation of witness fees in this case is proper.[4]

For the foregoing reasons, Defendants respectfully request taxation of $7,508.10 against Plaintiff.

---

Defendants to inspect the property before trial.   Thus, Defendants requested the expedited transcript within 7 days of August 18, 2017 so they would have ample time to file a motion with the Court prior to trial, if necessary.  The issue was ultimately resolved between the parties, but, nonetheless, Defendants had reasonable belief that they needed an expedited copy of the pretrial conference transcript at the time they obtained it.  Requesting the 14 or 30-day delivery schedule for the transcript would not have allowed sufficient time to file a necessary motion prior to trial, which was scheduled to begin on September 11, 2017.

[4] Defendants note that they split the witness fees for Michael Binion and Mark Bracewell with Plaintiff; thus, the requested amount in the Bill of Costs reflects the divided costs.

Respectfully submitted this 3rd day of October, 2017.

**HALL BOOTH SMITH, P.C.**

*/s/ Russell A. Britt*

KENNETH D. JONES
Georgia Bar No. 402101
RUSSELL A. BRITT
Georgia Bar No. 473664

*Counsel for Defendants S/A Jerald Watson,
Dep. John Goodrich*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA  30303-1775
Tel:  404-954-5000
Fax:  404-954-5020

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

ROBERT H. WRIGHT, JR.,

      Plaintiff,

v.

S/A JERALD WATSON and DEP. JOHN
GOODRICH, in their individual
capacities,

      Defendants.

CIVIL ACTION FILE
NO. 4:15-CV-00034-CDL

---

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Defendants' Memorandum in Support of Their Bill of Costs** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Craig T. Jones, Esq.
The Orlando Firm, P.C.
Decatur Court, Suite 400
315 West Ponce de Leon Avenue
Decatur, GA 30030

Respectfully submitted this 3rd day of October, 2017.

**HALL BOOTH SMITH, P.C.**

*/s/ Russell A. Britt*
KENNETH D. JONES
Georgia Bar No. 402101
RUSSELL A. BRITT
Georgia Bar No. 473664

*Counsel for Defendants S/A Jerald Watson,
Dep. John Goodrich*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA  30303-1775
Tel:  404-954-5000
Fax:  404-954-5020

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

ROBERT H. WRIGHT, JR.,

      Plaintiff,

v.

S/A JERALD WATSON and DEP. JOHN
GOODRICH, in their individual capacities,

      Defendants.

CIVIL ACTION FILE
NO. 4:15-CV-00034-CDL

## ITEMIZED BILL OF COSTS

| COURT REPORTERS | | |
|---|---|---|
| **Date of Invoice** | **Court Reporter** | **Amount** |
| 10/8/2015 | Discovery Litigation Services<br>Deposition of Jennifer Webb | $235.40 |
| 11/5/2015 | Discovery Litigation Services<br>Deposition of Sheriff Mike Jolley | $274.20 |
| 12/14/2015 | Discovery Litigation Services<br>Deposition of Jerald Watson | $568.58 |
| 1/14/2016 | Discovery Litigation Services<br>Deposition of Mark Bracewell | $330.00 |
| 1/19/2016 | Discovery Litigation Services<br>Depositions of Jeremy Bolen & Paul Wofford | $657.76 |
| 2/19/2016 | Discovery Litigation Services<br>Deposition of Michael Binion | $130.00 |

| 2/21/2016 | Discovery Litigation Services<br>Deposition of John Taylor | $204.26 |
|---|---|---|
| 3/7/2016 | American Court Reporting Company, Inc.<br>Deposition of Robert Wright | $876.25 |
| 3/8/2016 | Causey Peterson Reporting, Inc.<br>Deposition of Lisa Wright | $1,196.25 |
| 4/1/2016 | Discovery Litigation Services<br>Depositions of Sven Armbrust, Roger Carroll, Mike Pitts &<br>John Goodrich | $1,137.90 |
| 4/6/2016 | Discovery Litigation Services<br>Depositions of Jonathan Memmo, Lauren Stinson, Alex<br>Berinobis & Robert Austin | $1,097.60 |
| 9/28/2016 | Causey Peterson Reporting, Inc.<br>8/4/16 Hearing Transcript<br>Invoice $292.00 (rec'd refund of $29.20) | $262.80 |
| 8/25/2017 | Betsy J. Peterson, FOCR<br>8/2/17 Hearing Transcript<br>Invoice $339.50 (rec'd refund of $19.40) | $320.10 |

| WITNESS FEES | | |
|---|---|---|
| **Date of Invoice** | **Witness** | **Amount** |
| 8/31/17 | Michael Binion | $100.00 |
| 8/31/17 | Mark Bracewell | $75.00 |
| 8/31/17 | Jim Hillenbrand | $42.00 |
| | **TOTAL EXPENSES** | **$7,508.10** |

# INVOICE



**855.847.0999**

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 30982 | 10/8/2015 | 23972 |
| **Job Date** | **Case No.** | |
| 10/2/2015 | 4:15-cv-34(CDL) | |
| **Case Name** | | |
| Robert Wright, Jr. vs. Jerald Watson | | |
| **Payment Terms** | | |
| Net 45 | | |

Russell A. Britt, Esq.
Hall Booth Smith
Suite 2900
191 Peachtree Street NE
Atlanta, GA 30303-1775

| 1 COPY OF TRANSCRIPT OF: | | |
|---|---|---|
| Jennifer Webb | | 207.50 |
| Exhibits:  B&W 8.5x11 up to 100 pages | 5.00  Pages | 2.90 |
| Shipping & Handling | | 25.00 |
| | **TOTAL DUE  >>>** | **$235.40** |
| | AFTER 11/7/2015  PAY | $270.71 |

We appreciate the opportunity to earn your business!

We gladly accept Visa, MasterCard, AMEX and Discover. To obtain a copy of our W9 please visit www.discoveryllt.com/w9.pdf

**Tax ID:** 45-4198354

*Please detach bottom portion and return with payment.*

Russell A. Britt, Esq.
Hall Booth Smith
Suite 2900
191 Peachtree Street NE
Atlanta, GA 30303-1775

Job No.      : 23972          BU ID      : ATL
Case No.     : 4:15-cv-34(CDL)
Case Name  : Robert Wright, Jr. vs. Jerald Watson

Invoice No.  : 30982          Invoice Date  : 10/8/2015
**Total Due    : $235.40**
AFTER 11/7/2015  PAY  $270.71

| **PAYMENT WITH CREDIT CARD** | AMEX  MasterCard  VISA |
|---|---|
| Cardholder's Name: | |
| Card Number: | |
| Exp. Date: | Phone#: |
| Billing Address: | |
| Zip: | Card Security Code: |
| Amount to Charge: | |
| Cardholder's Signature: | |
| Email: | |

Remit To:   **Discovery Litigation Services, LLC**
**c/o Commercial Finance Group of Atlanta**
**P.O. Box 420247**
**Atlanta, GA  30342**



# INVOICE

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 31480 | 11/5/2015 | 24383 |

| Job Date | Case No. | |
|---|---|---|
| 10/20/2015 | 4:15-cv-34(CDL) | |

| Case Name | |
|---|---|
| Robert Wright, Jr. vs. Jerald Watson | |

| Payment Terms | |
|---|---|
| Net 45 | |

Russell A. Britt, Esq.
Hall Booth Smith
Suite 2900
191 Peachtree Street NE
Atlanta, GA  30303-1775

---

1 COPY OF TRANSCRIPT OF:

| | |
|---|---|
| Sheriff Robert Michael Jolley | 214.20 |
| Litigation Support Disc: | 35.00 |
| Shipping & Handling | 25.00 |

| | |
|---|---|
| **TOTAL DUE  >>>** | **$274.20** |
| AFTER 12/5/2015 PAY | $315.33 |

*We appreciate the opportunity to earn your business!

Litigation Support CD:  Online Hosting (DiscoveryLit.com), Condensed Transcript, Condensed Exhibits, PDF exhibits hyperlinked to transcript, multiple file formats such as ASCII, PDF & PTX.

We accept Visa, MasterCard, AMEX and Discover. W9 located at www.discoverylit.com/w9.

**If an attorney or collection agency is engaged for collection purposes, all agency and attorney fees will be added to the invoice amount.

**Tax ID:** 45-4198354

---

*Please detach bottom portion and return with payment.*

Russell A. Britt, Esq.
Hall Booth Smith
Suite 2900
191 Peachtree Street NE
Atlanta, GA  30303-1775

| | | | |
|---|---|---|---|
| Job No. | : 24383 | BU ID | : ATL |
| Case No. | : 4:15-cv-34(CDL) | | |
| Case Name | : Robert Wright, Jr. vs. Jerald Watson | | |
| | | | |
| Invoice No. | : 31480 | Invoice Date | : 11/5/2015 |
| **Total Due** | **: $274.20** | | |

AFTER 12/5/2015  PAY $315.33

| **PAYMENT WITH CREDIT CARD** | AMEX MasterCard VISA |
|---|---|
| Cardholder's Name: | |
| Card Number: | |
| Exp. Date: | Phone#: |
| Billing Address: | |
| Zip: | Card Security Code: |
| Amount to Charge: | |
| Cardholder's Signature: | |
| Email: | |

Remit To:   **Discovery Litigation Services, LLC**
**c/o Commercial Finance Group of Atlanta**
**P.O. Box 420247**
**Atlanta, GA  30342**

# INVOICE



**855.847.0999**

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 32157 | 12/14/2015 | 25128 |

| Job Date | Case No. |
|---|---|
| 11/10/2015 | 4:15-cv-34(CDL) |

| Case Name |
|---|
| Robert Wright, Jr. vs. Jerald Watson |

| Payment Terms |
|---|
| Net 45 |

Russell A. Britt, Esq.
Hall Booth Smith
Suite 2900
191 Peachtree Street NE
Atlanta, GA  30303-1775

1 COPY OF TRANSCRIPT OF:

    Jerald Freeman Watson, Jr.                                 443.70

        Litigation Support Disc                               50.00

        Exhibits:  B&W 8.5x11 up to 100 pages         86.00  Pages     49.88

        Shipping & Handling                                25.00

**TOTAL DUE  >>>**          **$568.58**

AFTER 1/13/2016 PAY        $653.87

*We appreciate the opportunity to earn your business!

Litigation Support CD:  Online Hosting (DiscoveryLit.com), Condensed Transcript, Condensed Exhibits, PDF exhibits hyperlinked to transcript, multiple file formats such as ASCII, PDF & PTX.

We accept Visa, MasterCard, AMEX and Discover. W9 located at www.discoverylit.com/w9.

**If an attorney or collection agency is engaged for collection purposes, all agency and attorney fees will be added to the invoice amount.

**Tax ID:** 45-4198354

*Please detach bottom portion and return with payment.*

Russell A. Britt, Esq.
Hall Booth Smith
Suite 2900
191 Peachtree Street NE
Atlanta, GA  30303-1775

| | | | |
|---|---|---|---|
| Job No. | : 25128 | BU ID | : ATL |
| Case No. | : 4:15-cv-34(CDL) | | |
| Case Name | : Robert Wright, Jr. vs. Jerald Watson | | |
| | | | |
| Invoice No. | : 32157 | Invoice Date | : 12/14/2015 |
| **Total Due** | : **$568.58** | | |

AFTER 1/13/2016 PAY  $653.87

**PAYMENT WITH CREDIT CARD**     AMEX  MasterCard  VISA

Cardholder's Name:

Card Number:

Exp. Date:           Phone#:

Billing Address:

Zip:         Card Security Code:

Amount to Charge:

Cardholder's Signature:

Email:

Remit To:    **Discovery Litigation Services, LLC**
             **c/o Commercial Finance Group of Atlanta**
             **P.O. Box 420247**
             **Atlanta, GA  30342**

# INVOICE



**DISCOVERY**
LITIGATION SERVICES
Court Reporting • Videography • Trial Presentations
855.847.0999

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 32672 | 1/14/2016 | 25452 |

| Job Date | Case No. | |
|---|---|---|
| 12/17/2015 | 4:15-cv-34(CDL) | |

| Case Name | | |
|---|---|---|
| Robert Wright, Jr. vs. Jerald Watson | | |

| Payment Terms | | |
|---|---|---|
| Net 45 | | |

Russell A. Britt, Esq.
Hall Booth Smith
Suite 2900
191 Peachtree Street NE
Atlanta, GA  30303-1775

| | | |
|---|---|---|
| 1 COPY OF TRANSCRIPT OF: | | |
| Mark Bracewell | | 270.00 |
| Litigation Support Disc: | | 35.00 |
| Shipping & Handling | | 25.00 |
| | **TOTAL DUE >>>** | **$330.00** |
| | AFTER 2/13/2016 PAY | $379.50 |

*We appreciate the opportunity to earn your business!

We accept Visa, MasterCard, AMEX and Discover. To obtain a copy of our W9 please visit www.discoverylit.com/w9.pdf.

**If an attorney or collection agency is engaged for collection purposes, all agency and attorney fees will be added to the invoice amount.

**Tax ID:** 45-4198354

*Please detach bottom portion and return with payment.*

Russell A. Britt, Esq.
Hall Booth Smith
Suite 2900
191 Peachtree Street NE
Atlanta, GA  30303-1775

Job No.       :  25452              BU ID        : ATL
Case No.     :  4:15-cv-34(CDL)
Case Name  :  Robert Wright, Jr. vs. Jerald Watson

Invoice No.  :  32672              Invoice Date  : 1/14/2016
**Total Due**    :  **$330.00**
AFTER 2/13/2016  PAY  $379.50

Remit To:   **Discovery Litigation Services, LLC**
            **c/o Commercial Finance Group of Atlanta**
            **P.O. Box 420247**
            **Atlanta, GA  30342**

| PAYMENT WITH CREDIT CARD | AMEX  MasterCard  VISA |
|---|---|
| Cardholder's Name: | |
| Card Number: | |
| Exp. Date: | Phone#: |
| Billing Address: | |
| Zip: | Card Security Code: |
| Amount to Charge: | |
| Cardholder's Signature: | |
| Email: | |

# INVOICE



## DISCOVERY
LITIGATION SERVICES
Court Reporting • Videography • Trial Presentations
**855.847.0999**

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 32677 | 1/19/2016 | 25453 |
| **Job Date** | **Case No.** | |
| 12/21/2015 | 4:15-cv-34(CDL) | |
| **Case Name** | | |
| Robert Wright, Jr. vs. Jerald Watson, et al | | |
| **Payment Terms** | | |
| Net 45 | | |

Russell A. Britt, Esq.
Hall Booth Smith
Suite 2900
191 Peachtree Street NE
Atlanta, GA  30303-1775

| | | |
|---|---|---|
| 1 COPY OF TRANSCRIPT OF: | | |
| Jeremy Bolen | | 342.90 |
| Litigation Support Disc: | | 35.00 |
| 1 COPY OF TRANSCRIPT OF: | | |
| Paul Wofford | | 218.70 |
| Litigation Support Disc: | | 35.00 |
| Exhibits:  B&W 8.5x11 up to 100 pages | 2.00  Pages | 1.16 |
| Shipping & Handling | | 25.00 |
| | **TOTAL DUE >>>** | **$657.76** |
| | AFTER 2/18/2016  PAY | $756.42 |

\*We appreciate the opportunity to earn your business!

We accept Visa, MasterCard, AMEX and Discover. To obtain a copy of our W9 please visit www.discoverylit.com/w9.pdf.

\*\*If an attorney or collection agency is engaged for collection purposes, all agency and attorney fees will be added to the invoice amount.

**Tax ID:** 45-4198354

*Please detach bottom portion and return with payment.*

Russell A. Britt, Esq.
Hall Booth Smith
Suite 2900
191 Peachtree Street NE
Atlanta, GA  30303-1775

| | | | |
|---|---|---|---|
| Job No. | : 25453 | BU ID | : ATL |
| Case No. | : 4:15-cv-34(CDL) | | |
| Case Name | : Robert Wright, Jr. vs. Jerald Watson, et al | | |
| Invoice No. | : 32677 | Invoice Date | : 1/19/2016 |
| **Total Due** | **: $657.76** | | |

AFTER 2/18/2016  PAY $756.42

**PAYMENT WITH CREDIT CARD**    AMEX  MasterCard  VISA

Cardholder's Name:

Card Number:

Exp. Date:                    Phone#:

Billing Address:

Zip:               Card Security Code:

Amount to Charge:

Cardholder's Signature:

Email:

Remit To:  **Discovery Litigation Services, LLC**
**c/o Commercial Finance Group of Atlanta**
**P.O. Box 420247**
**Atlanta, GA  30342**

# INVOICE



## DISCOVERY
### LITIGATION SERVICES
Court Reporting • Videography • Trial Presentations
### 855.847.0999

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 33355 | 2/19/2016 | 26088 |

| Job Date | Case No. | |
|---|---|---|
| 2/8/2016 | 4:15-cv-34(CDL) | |

| Case Name | | |
|---|---|---|
| Robert Wright, Jr. vs. Jerald Watson, et al | | |

| Payment Terms | | |
|---|---|---|
| Net 45 | | |

Russell A. Britt, Esq.
Hall Booth Smith
Suite 2900
191 Peachtree Street NE
Atlanta, GA  30303-1775

---

E-TRAN COPY OF THE DEPOSITION OF:

Michael S. Binion                                                                                                130.00

**TOTAL DUE >>>**                                  **$130.00**
AFTER 3/20/2016 PAY                                  $149.50

*We appreciate the opportunity to earn your business!

We accept Visa, MasterCard, AMEX and Discover. To obtain a copy of our W9 please visit www.discoverylit.com/w9.pdf.

**If an attorney or collection agency is engaged for collection purposes, all agency and attorney fees will be added to the invoice amount.

---

**Tax ID:** 45-4198354

*Please detach bottom portion and return with payment.*

Russell A. Britt, Esq.
Hall Booth Smith
Suite 2900
191 Peachtree Street NE
Atlanta, GA  30303-1775

| Job No. | : 26088 | BU ID | : ATL |
|---|---|---|---|
| Case No. | : 4:15-cv-34(CDL) | | |
| Case Name | : Robert Wright, Jr. vs. Jerald Watson, et al | | |

| Invoice No. | : 33355 | Invoice Date | : 2/19/2016 |
|---|---|---|---|
| **Total Due** | **: $130.00** | | |

AFTER 3/20/2016  PAY  $149.50

**PAYMENT WITH CREDIT CARD**          AMEX  MasterCard  VISA

Cardholder's Name:
Card Number:
Exp. Date:                          Phone#:
Billing Address:
Zip:                Card Security Code:
Amount to Charge:
Cardholder's Signature:
Email:

Remit To:  **Discovery Litigation Services, LLC**
**c/o Commercial Finance Group of Atlanta**
**P.O. Box 420247**
**Atlanta, GA  30342**

# INVOICE



**855.847.0999**

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 33380 | 2/21/2016 | 26087 |

| Job Date | Case No. | |
|---|---|---|
| 2/5/2016 | 4:15-cv-34(CDL) | |

| Case Name | |
|---|---|
| Robert Wright, Jr. vs. Jerald Watson, et al | |

| Payment Terms |
|---|
| Net 45 |

Russell A. Britt, Esq.
Hall Booth Smith
Suite 2900
191 Peachtree Street NE
Atlanta, GA 30303-1775

1 COPY OF TRANSCRIPT OF:

| | | | |
|---|---|---|---|
| John Taylor | | | 143.10 |
| Litigation Support Disc: | | | 35.00 |
| Exhibits: B&W 8.5x11 up to 100 pages | 2.00 Pages | | 1.16 |
| Shipping & Handling | | | 25.00 |
| | **TOTAL DUE >>>** | | **$204.26** |
| | AFTER 3/22/2016 PAY | | $234.90 |

*We appreciate the opportunity to earn your business!

We accept Visa, MasterCard, AMEX and Discover. To obtain a copy of our W9 please visit www.discoverylit.com/w9.pdf.

**If an attorney or collection agency is engaged for collection purposes, all agency and attorney fees will be added to the invoice amount.

**Tax ID:** 45-4198354

*Please detach bottom portion and return with payment.*

Russell A. Britt, Esq.
Hall Booth Smith
Suite 2900
191 Peachtree Street NE
Atlanta, GA 30303-1775

Job No. : 26087    BU ID : ATL
Case No. : 4:15-cv-34(CDL)
Case Name : Robert Wright, Jr. vs. Jerald Watson, et al

Invoice No. : 33380    Invoice Date : 2/21/2016
**Total Due : $204.26**
AFTER 3/22/2016 PAY $234.90

| **PAYMENT WITH CREDIT CARD** | AMEX MasterCard VISA |
|---|---|
| Cardholder's Name: | |
| Card Number: | |
| Exp. Date: | Phone#: |
| Billing Address: | |
| Zip: | Card Security Code: |
| Amount to Charge: | |
| Cardholder's Signature: | |
| Email: | |

Remit To:   **Discovery Litigation Services, LLC**
**c/o Commercial Finance Group of Atlanta**
**P.O. Box 420247**
**Atlanta, GA 30342**

# American Court Reporting Company, Inc.

**Our IRS Number is:**
**58-2429160**

52 Executive Park South
Suite 5201
Atlanta, GA 30329

**(404) 892-1331**
**(800) 445-2842**

March 7, 2016

Kenneth D. Jones, Esquire
Hall Booth Smith & Slover, PC
191 Peachtree Street NE
Suite 2900
Atlanta, Georgia 30303

**Invoice No:** 16-0465

| | | |
|---|---|---|
| **In Re:** | Robert Wright vs. S/A Jerald Watson, et al. | **Case No:** 4:15-CV-34 (CDL) |
| **Jurisdiction:** | USDC; Middle Dist of GA; Columbus Div. | **Heard:** 2/19/16; 10:00 AM |
| **Deposition Of:** | Robert H. Wright, Jr. | **Job No:** 73002 |
| **Transcription Of:** | | |

| | | |
|---|---|---|
| **Transcript Cost** | Copy | 889.05 |
| **Transcript Cost** | | |
| **Transcript Cost** | | |
| **Reporter's Take-Down** | | |
| **Appearance Fee** | | |
| **Travel** | | |
| **Delivery and Handling** | | 20.50 |
| **Other** | Ascii, Mini & Etran via Email | 0.00 |
| **Other** | Minuscript with Key-Word Index | 0.00 |
| **Other** | Scanning Exhibits | 47.50 |
| **Other** | | |

GDT/1 /305/80.80

*Outstanding balances bear*
*interest at the rate of 1.5% per month*    **Grand Total**    957.05

If payment is received by 04/11/2016    please remit    876.25

To Insure Proper Credit, Return PINK COPY With Remittance

# *C P R*

# *Causey Peterson Reporting, Inc.*
## *Certified Court Reporters*
**22 West Fifth Street  31901**
**Post Office Box 81**
**Columbus, Georgia  31902**
**PHONE: 706-317-3111**

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 3/8/16 | 9304 |

| BILL TO: |
|----------|
| Mr. Russell Britt<br>Hall Booth & Smith<br>191 Peachtree Street, NE, Suite 2900<br>Atlanta, Georgia 30303 |

| CASE/STYLE: |
|-------------|
| Robert H. Wright, Jr., v.<br>S/A Jerald Watson, et al.<br>USDC, MDGA, Columbus Division<br>4:15-CV-34 (CDL) |

**Schedule depositions at:**
**scheduling@causeypeterson.com or**
**office@causeypeterson.com or**
**www.causeypeterson.com**

| TERMS | REPORTER | TAX ID # |
|-------|----------|----------|
| Due on receipt | AMC | 73-1700850 |

| DESCRIPTION | AMOUNT |
|-------------|--------|
| Deposition of Lisa Butts Wright, taken on 2/22/2016, in Columbus, Georgia. | |
| Copy | 1,148.00 |
| Exhibits | 28.25 |
| CD Containing Transcript in Multiple Formats With Scanned Exhibits | 20.00 |

| *WE NOW ACCEPT ALL MAJOR CREDIT CARDS!* | **Invoice Total** | **$1,196.25** |
|---|---|---|
| Thank you for scheduling with Causey Peterson Reporting! | **Balance Due** | **$1,196.25** |

**REALTIME / VIDEO / E-TRANSCRIPT / EXHIBIT SCANNING / CONDENSING & WORD INDEXING**
**TELEPHONIC DEPOSITIONS / TELECONFERENCING**
**& COMPLIMENTARY CONFERENCE ROOM**



# INVOICE

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 33957 | 4/1/2016 | 26564 |

| Job Date | Case No. | |
|---|---|---|
| 2/24/2016 | 4:15-cv-34(CDL) | |

| Case Name | | |
|---|---|---|
| Robert Wright, Jr. vs. Jerald Watson, et al | | |

| Payment Terms | | |
|---|---|---|
| Net 45 | | |

855.847.0999

Russell A. Britt, Esq.
Hall Booth Smith
Suite 2900
191 Peachtree Street NE
Atlanta, GA  30303-1775

| | |
|---|---|
| 1 COPY OF TRANSCRIPT OF: | |
| Sven Armbrust | 278.90 |
| 1 COPY OF TRANSCRIPT OF: | |
| Roger Carroll | 233.00 |
| 1 COPY OF TRANSCRIPT OF: | |
| Mike Pitts | 330.20 |
| 1 COPY OF TRANSCRIPT OF: | |
| John Goodrich | 270.80 |
| Shipping & Handling | 25.00 |

| | |
|---|---|
| TOTAL DUE >>> | **$1,137.90** |
| AFTER 5/1/2016 PAY | $1,308.59 |

*We appreciate the opportunity to earn your business!

We accept Visa, MasterCard, AMEX and Discover. To obtain a copy of our W9 please visit www.discoverylit.com/w9.pdf.

**If an attorney or collection agency is engaged for collection purposes, all agency and attorney fees will be added to the invoice amount.

**Tax ID:** 45-4198354

*Please detach bottom portion and return with payment.*

Russell A. Britt, Esq.
Hall Booth Smith
Suite 2900
191 Peachtree Street NE
Atlanta, GA  30303-1775

| | | | |
|---|---|---|---|
| Job No. | : 26564 | BU ID | : ATL |
| Case No. | : 4:15-cv-34(CDL) | | |
| Case Name | : Robert Wright, Jr. vs. Jerald Watson, et al | | |
| Invoice No. | : 33957 | Invoice Date | : 4/1/2016 |
| **Total Due** | **: $1,137.90** | | |

AFTER 5/1/2016 PAY  $1,308.59

| PAYMENT WITH CREDIT CARD | |
|---|---|
| Cardholder's Name: | |
| Card Number: | |
| Exp. Date: | Phone#: |
| Billing Address: | |
| Zip: | Card Security Code: |
| Amount to Charge: | |
| Cardholder's Signature: | |
| Email: | |

Remit To:  **Discovery Litigation Services, LLC**
          **c/o Commercial Finance Group of Atlanta**
          **P.O. Box 420247**
          **Atlanta, GA  30342**

# INVOICE



**DISCOVERY**
LITIGATION SERVICES
Court Reporting • Videography • Trial Presentations
**855.847.0999**

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 34276 | 4/6/2016 | 26565 |

| Job Date | Case No. | |
|---|---|---|
| 2/29/2016 | 4:15-cv-34(CDL) | |

| Case Name | | |
|---|---|---|
| Robert Wright, Jr. vs. Jerald Watson, et al | | |

| Payment Terms | | |
|---|---|---|
| Net 45 | | |

Russell A. Britt, Esq.
Hall Booth Smith
Suite 2900
191 Peachtree Street NE
Atlanta, GA  30303-1775

| | | | |
|---|---|---|---|
| 1 COPY OF TRANSCRIPT OF: | | | |
| Jonathan Memmo | | | 296.90 |
| 1 COPY OF TRANSCRIPT OF: | | | |
| Lauren Stinson | | | 329.30 |
| Exhibits:  Color 8.5x11 up to 100 pages | 62.00 | Pages | 71.30 |
| 1 COPY OF TRANSCRIPT OF: | | | |
| Alex Berinobis | | | 161.90 |
| 1 COPY OF TRANSCRIPT OF: | | | |
| Sgt. Robert Austin | | | 213.20 |
| Shipping & Handling | | | 25.00 |

| | | |
|---|---|---|
| **TOTAL DUE  >>>** | | **$1,097.60** |
| AFTER 5/6/2016  PAY | | $1,262.24 |

*We appreciate the opportunity to earn your business!

Litigation Support CD:  Online Hosting (DiscoveryLit.com), Condensed Transcript, Condensed Exhibits, PDF exhibits hyperlinked to transcript, multiple file formats such as ASCII, PDF & PTX.

We accept Visa, MasterCard, AMEX and Discover. W9 located at www.discoverylit.com/w9.

**If an attorney or collection agency is engaged for collection purposes, all agency and attorney fees will be added to the invoice amount.

**Tax ID:** 45-4198354

*Please detach bottom portion and return with payment.*

Russell A. Britt, Esq.
Hall Booth Smith
Suite 2900
191 Peachtree Street NE
Atlanta, GA  30303-1775

| | | | | |
|---|---|---|---|---|
| Job No. | : 26565 | | BU ID | : ATL |
| Case No. | : 4:15-cv-34(CDL) | | | |
| Case Name | : Robert Wright, Jr. vs. Jerald Watson, et al | | | |
| | | | | |
| Invoice No. | : 34276 | | Invoice Date | : 4/6/2016 |
| **Total Due** | : **$1,097.60** | | | |

AFTER 5/6/2016  PAY  $1,262.24

| PAYMENT WITH CREDIT CARD | AMEX  MasterCard  VISA |
|---|---|
| Cardholder's Name: | |
| Card Number: | |
| Exp. Date: | Phone#: |
| Billing Address: | |
| Zip: | Card Security Code: |
| Amount to Charge: | |
| Cardholder's Signature: | |
| Email: | |

Remit To:   **Discovery Litigation Services, LLC**
**c/o Commercial Finance Group of Atlanta**
**P.O. Box 420247**
**Atlanta, GA  30342**

# *C P R*

# *Causey Peterson Reporting, Inc.*

## *Certified Court Reporters*

**22 West Fifth Street  31901**
**Post Office Box 81**
**Columbus, Georgia  31902**
**PHONE: (706) 327-3111**

PAID
09/09/16

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 9/28/16 | 9579FC |

| BILL TO: | CASE/STYLE: |
|----------|-------------|
| Mr. Russell Britt<br>Hall Booth & Smith<br>191 Peachtree Street, NE, Suite 2900<br>Atlanta, Georgia 30303 | Wright v. Watson, et al.<br>USDC, MDGA, Columbus Division<br>Case No.:  4:15-CV-00034-CDL |

**Schedule depositions at:**
**scheduling@causeypeterson.com or**
**office@causeypeterson.com or**
**www.causeypeterson.com**

| TERMS | REPORTER | TAX ID # |
|-------|----------|----------|
| Prepaid | BJP | 73-1700850 |

| DESCRIPTION | AMOUNT |
|-------------|--------|
| Transcript of Proceedings before the Honorable Clay D. Land, taken on 8/4/2016. | 0.00 |
| Certified Original (72 pages @ $3.65) | 262.80 |
| | |
| Check # 154994 for $292.00 was received 9/9/2016.  A refund in the amount of $29.20  will be promptly issued. | |

| | | |
|---|---|---|
| *WE NOW ACCEPT ALL MAJOR CREDIT CARDS!* | **Invoice Total** | $262.80 |
| Thank you. We appreciate your business!! | **Balance Due** | $0.00 |

**REALTIME / VIDEO / E-TRANSCRIPT / EXHIBIT SCANNING / CONDENSING & WORD INDEXING**
**TELEPHONIC DEPOSITIONS / TELECONFERENCING**
**& COMPLIMENTARY CONFERENCE ROOM**

# *Causey Peterson Reporting, Inc.*

### *Certified Court Reporters*
**22 West Fifth Street  31901**
**Post Office Box 81**
**Columbus, Georgia  31902**

**www.causeypeterson.com**

**C P R, INC.**

## PREPAYMENT REQUEST

| DATE | INVOICE # |
|---|---|
| 9/6/16 | 1189fc |

| BILL TO: | CASE/STYLE |
|---|---|
| Mr. Russell Britt<br>Hall Booth & Smith<br>191 Peachtree Street, NE, Suite 2900<br>Atlanta, Georgia 30303 | Wright v. Watson, et al.<br>USDC, MDGA, Columbus Division<br>Case No.:  4:15-CV-00034-CDL |

| TAX ID#  73-1700850 | CPR NO. | TERMS | REPORTER |
|---|---|---|---|
| | | Prepayment Request | BJP |

| DESCRIPTION | TOTAL |
|---|---|
| Transcript of Proceedings before the Honorable Clay D. Land, taken on 8/4/2016.<br>Certified Original (Estimated 80 pages @ $3.65) | 292.00 |
| Amount of Charges for prepayment. | **TOTAL** $292.00 |

**REALTIME / VIDEO / E-TRANSCRIPT / EXHIBIT SCANNING / CONDENSING & WORD INDEXING**
**TELEPHONIC DEPOSITIONS & COMPLIMENTARY CONFERENCE ROOM**

**PHONE: 706-317-3111        EMAIL: office@causeypeterson.com        schedule@causeypeterson.com**

# *Betsy J. Peterson, FOCR*

**Federal Official Court Reporter**
**Post Office Box 2324**
**Columbus, GA  31902**

PHONE: 7??9-3868

**PAID**
**08/23/2017**

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 8/25/2017 | 17128 |

| BILL TO: |
|----------|
| Russell A. Britt<br>Hall Booth & Smith<br>191 Peachtree Street, NE<br>Suite 2900<br>Atlanta, Georgia 30303-1775 |

| CASE/STYLE: |
|-------------|
| Wright v. Watson, et al.<br>USDC, MDGA, Columbus Division<br>Case No.:  4:15-CV-00034-CDL |

| TERMS | REPORTER |
|-------|----------|
| Prepaid | BP |

| DESCRIPTION | AMOUNT |
|-------------|--------|
| Transcript of Proceedings before the Honorable Clay D. Land, taken on 8/2/2017. | 0.00 |
| Certified Original (Expedited) (66 pages @ $4.85) | 320.10 |
| | |
| Prepayment Check #170373 for $339.50 received 8/21/2017.  A refund in the amount of $19.40 will be issued promptly. | |

| | **Invoice Total** | $320.10 |
|---|---|---|
| Thank you. We appreciate your business!! | **Balance Due** | $0.00 |

BETSY PETERSON
Federal Official Court Reporter
Post Office Box 2324
Columbus, GA  31902

# BETSY PETERSON

August 25, 2017

Claudia West
Hall Booth Smith, P.C.
191 Peachtree Street, NE
Suite 2900
Atlanta, Georgia 30303-1775

RE:   Wright v. Watson, et al.
      Case No.: 4:15-CV-00034-CDL

Dear Ms. West:

Enclosed please find a check in the amount of $19.40 as a refund of overpayment from your firm's prepayment check #170373.  I have enclosed a copy of the invoice for your reference.

Sincerely,

Larry J. Peterson
Assistant to Betsy Peterson
Federal Official Court Reporter


/ljp
Enclosure

Phone:  (706) 329-3868    Fax:  (706) 660-8123

BETSY W PETERSON
FEDERAL OFFICIAL COURT REPORTER

04-10/610

111

Date 8/25/2017

Pay to the
order of  Hall Booth Smith                              | $ 19.40

nineteen + 40/100 ————————                     Dollars

**SUNTRUST**  ACH RT 061000104

Memo Refund - Inv 17128                    Larry J. Peterson

⑈06⑊000⑊04⑈⑊000206073⑊49⑊ 0⑊11

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

| | |
|---|---|
| ROBERT H. WRIGHT, JR. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   4:15-CV-34-CDL |
| S/A JERALD WATSON, et.al. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:   Michael Binion

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: | 120 12th Street, Columbus , GA  31901 *on call for entire week - contact counsel for time to appear | Courtroom No.: 2nd Floor |
|---|---|---|
| | | Date and Time: 09/11/2017 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   8/31/17

| CLERK OF COURT | | |
|---|---|---|
| | | OR |
| _____ | | _____ |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  _____
S/A Jerald Watson and Dep. John Goodrich , who issues or requests this subpoena, are:
Kenneth D. Jones, Esq. and Russell A. Britt, Esq., Hall Booth Smith, 191 Peachtree Street, Suite 2900, Atlanta, GA 30303-1775, (404) 954-5000, KJones@hallboothsmith.com and RBritt@hallboothsmith.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 4:15-CV-34-CDL

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☑ I served the subpoena by delivering a copy to the named person as follows:   525 West Road,
Cairo, GA 39827

on *(date)*   08/31/2017   ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$   100.00   *The fee is being mailed to Michelle Hirsch per counsel's request. (RB)*

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   08/31/2017

_____
*Server's signature*

Russell Britt, Esq.
_____
*Printed name and title*

191 Peachtree Street, Suite 2900
Atlanta, GA  30303

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

| DATE 08-31-17 | | PAYEE Michael Binion | | VENDOR: 19035 | CHECK #: 170917 |
| REF. # | INV # | INV. DATE | INV. AMOUNT | DESCRIPTION | AMT. PAID |
| 5812.0003 | | 08-31-17 | 100.00 | Witness Fee & Mileage | 100.00 |

HALL BOOTH SMITH PC / OPERATING ACCOUNT



HALL BOOTH SMITH PC
OPERATING ACCOUNT
191 PEACHTREE STREET SUITE 2900
ATLANTA, GA 30303
(404) 954-5000

SUNTRUST BANK
ACH RT 061000104
64-10/610

170917

THIS CHECK IS VOID WITHOUT A BLUE & GREEN BACKGROUND AND AN ARTIFICIAL WATERMARK ON THE BACK - HOLD AT AN ANGLE TO VIEW

08-31-17

CHECK AMOUNT

$      100.00

ONE HUNDRED AND 00/100 DOLLARS

PAY
TO THE
ORDER OF      Michael Binion

TWO SIGNATURES REQUIRED OVER $500.00
SIGNATURE HAS A COLORED BACKGROUND • BORDER CONTAINS MICROPRINTING

⑈00⑈170917⑈ ⑆061000104⑆ ⑈0000886019⑈2⑈

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

|  |  |  |
|---|---|---|
| ROBERT H. WRIGHT, JR. | ) |  |
| *Plaintiff* | ) |  |
| v. | ) | Civil Action No.   4:15-CV-34-CDL |
| S/A JERALD WATSON, et.al. | ) |  |
| *Defendant* | ) |  |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:   Mark Bracewell
       c/o Michelle Hirsch

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: | 120 12th Street, Columbus , GA  31901<br>*on call for entire week - contact counsel for time to appear | Courtroom No.: 2nd Floor |
|---|---|---|
|  |  | Date and Time: 09/11/2017 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   8/31/17

_____     OR     _____
CLERK OF COURT

_____                _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
S/A Jerald Watson and Dep. John Goodrich_____ , who issues or requests this subpoena, are:
Kenneth D. Jones, Esq. and Russell A. Britt, Esq., Hall Booth Smith, 191 Peachtree Street, Suite 2900, Atlanta, GA 30303-1775, (404) 954-5000, KJones@hallboothsmith.com and RBritt@hallboothsmith.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 4:15-CV-34-CDL

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☑ I served the subpoena by delivering a copy to the named person as follows:   c/o Michelle J. Hirsch, Esq.
Office of the Atorney General, 40 Capital Square, Atlanta, GA  30334

on *(date)*   08/31/2017   ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$   75.00   . *The fee is being mailed directly to Mr. Bracewell per counsel's request.*

My fees are $   for travel and $   for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   08/31/2017

*Server's signature*

Russell Britt, Esq.
*Printed name and title*

191 Peachtree Street, Suite 2900
Atlanta, GA  30303

*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

| DATE 08-31-17 | PAYEE: Mark Bracewell | | VENDOR #: 19036 | CHECK #: 170914 |
| REF.# | INV.# | INV. DATE | INV. AMOUNT | INV. DESCRIPTION | AMT. PAID |
|---|---|---|---|---|---|
| 5812.0003 | | 08-31-17 | 75.00 | Witness Fee & Mileage | 75.00 |

HALL BOOTH SMITH PC / OPERATING ACCOUNT



THIS CHECK IS VOID WITHOUT A BLUE & GREEN BACKGROUND AND AN ARTIFICIAL WATERMARK ON THE BACK · HOLD AT AN ANGLE TO VIEW

HALL BOOTH SMITH PC
OPERATING ACCOUNT
191 PEACHTREE STREET SUITE 2900
ATLANTA, GA 30303

SUNTRUST BANK
ACH RT 061000104
64-10/610

170914

08-31-17

CHECK AMOUNT
$   75.00

SEVENTY-FIVE AND 00/100 Dollars

PAY
TO THE
ORDER OF   Mark Bracewell

TWO SIGNATURES REQUIRED OVER $500.00

⑈00170914⑈  ⑊061000104⑊  1000088601942⑈

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| ROBERT H. WRIGHT, JR. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   4:15-CV-34-CDL |
| S/A JERALD WATSON, et.al. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:   James G. Hillenbrand
      c/o Patrick L. Lail, Esq.

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: | 120 12th Street, Columbus , GA  31901 | Courtroom No.: 2nd Floor |
|---|---|---|
| | *on call for entire week - contact counsel for time to appear | Date and Time: 09/11/2017 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   8/31/17

| CLERK OF COURT | | OR | |
|---|---|---|---|
| _____ | | _____ | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* | |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

S/A Jerald Watson and Dep. John Goodrich  , who issues or requests this subpoena, are:

Kenneth D. Jones, Esq. and Russell A. Britt, Esq., Hall Booth Smith, 191 Peachtree Street, Suite 2900, Atlanta, GA 30303-1775, (404) 954-5000, KJones@hallboothsmith.com and RBritt@hallboothsmith.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No.  4:15-CV-34-CDL

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☑ I served the subpoena by delivering a copy to the named person as follows:   c/o Patrick L. Lail, Esq.

Elarbee, Thompson, Sapp & Wilson, 800 International Tower, 229 Peachtree Street, Atlanta, GA  30303

on *(date)*   08/31/2017   ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$   42.00   .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   08/31/2017

_____
*Server's signature*

Russell Britt, Esq.
*Printed name and title*

191 Peachtree Street, Suite 2900
Atlanta, GA  30303

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

| REP #   08-31-17   INV # | Jim Hillenbrand INV DATE   INV AMOUNT | VENDOR #: 19037 INV DESCRIPTION | CHECK #: 170911 AMT PAID |
|---|---|---|---|
| 5812.0003 | 08-31-17         42.00 | Witness Fee & Mileage | 42.00 |

HALL BOOTH SMITH PC / OPERATING ACCOUNT



THIS CHECK IS VOID WITHOUT A BLUE & GREEN BACKGROUND AND AN ARTIFICIAL WATERMARK ON THE BACK - HOLD AT AN ANGLE TO VIEW

HALL BOOTH SMITH PC
OPERATING ACCOUNT
191 PEACHTREE STREET SUITE 2900
ATLANTA GA 30303
(404) 954-5000

SUNTRUST BANK
ACH RT 061000104
64-10/610

170911

08-31-17

CHECK AMOUNT

$      42.00

FORTY-TWO AND 00/100 Dollar(s)

PAY
TO THE
ORDER OF

Jim Hillenbrand

TWO SIGNATURES REQUIRED OVER $600.00

Form 606-BG

Job No. 546410

⑈⑈0017091⑈⑈  ⑆061000104⑆  ⑈00008860⑈942⑈